IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | CRIMINAL NO. 4:11CR170 MAC/DDB |
| | § | |
| ANDRE LASHAWN BOYD | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on April 30, 2015 to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson. The Government was represented by Kevin McClendon.

On July 10, 2012, Defendant was sentenced by the Honorable Marcia A. Crone, United States District Judge, to a sentence of 24 months imprisonment followed by a 3-year term of supervised release for the offense of Possession of a Firearm by a Felon. Defendant began his term of supervision on November 12, 2013.

On September 5, 2014, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 40). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall notify the probation officer ten days prior to any change of residence or employment; (2) Under the guidance and direction of the U.S. Probation Office, Defendant shall participate in a program of psychiatric and mental health services and shall comply with any medication requirements as prescribed by the treatment provider; (3) Defendant shall participate in a program of testing and treatment for drug abuse, under the

1

guidance and direction of the U.S. Probation Office, until such time as Defendant is released from the program by the probation officer; (4) Defendant shall refrain from any unlawful use of a controlled substance; (5) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (6) Defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month; and (7) Defendant shall pay a $100 special assessment.

The Petition alleges that Defendant committed the following violations: (1) On August 14, 2014, the U.S. Probation Office conducted an unannounced home visit at his listed residence of 1600 La Salle Drive, in apartment #A206, in Sherman, Texas, and found the apartment to be vacant. According to the Leasing Office of Easton Parc Apartments, Defendant left the apartment sometime the week prior to the probation officer's visit. Additionally, on August 14, 2014, the U.S. Probation Office conducted an unannounced visit at Defendant's listed place of employment, Dollar Tree, and was notified by staff that Defendant quit his job about a week prior to the probation officer's visit. As such, it is alleged that Defendant failed to notify the probation officer ten days prior to his change in residence and employment; (2) On May 2, 2014, Defendant was instructed to attend individual mental health counseling sessions at Pillar Counseling in Sherman, Texas, every other week. Defendant failed to attend said counseling sessions since his last session on July 17, 2014; (3) On December 26, 2013, Defendant was instructed to participate in the U.S. Probation Office's random drug testing program by calling a toll free number nightly and reporting to Heritage Park Plus in Sherman, Texas, to submit a urine specimen for testing as instructed. Defendant stopped calling the

toll free number on August 6, 2014, and failed to report for testing on August 15, 28, and September 3, 2014; (4) On May 29, and June 13, 2014, Defendant submitted urine specimens that tested positive for methamphetamine. Defendant denied using said substance. Alere Laboratories confirmed said positive drug tests; (5) Defendant failed to submit a monthly report within the first five days of each month for July and August 2014; (6) On January 5, 2014, Defendant was instructed to pay $25 per month until the special assessment was paid in full. As of September 5, 2014, a $25.00 balance remains unpaid.

At the hearing, Defendant entered a plea of true to the allegation of the positive drug test. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984 and having considered the arguments presented at the April 30, 2015 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months, with no supervised release to follow. The Court further recommends that Defendant's term of imprisonment be carried out in FCI Texarkana, if appropriate.

**SIGNED this 22nd day of May, 2015.**

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE